■ In the Matter of JAIDEN J., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLEVELAND J., Appellant. (Proceeding No. 1.) In the Matter of KAYLA J., an Infant. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLEVELAND J. Appellant. (Proceeding No. 2.) In the

In four related child protective proceedings pursuant to Family Court Act article 10, Cleveland J. appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated September 9, 2011, as, after a fact-finding hearing, found that he abused the child Nevin L. and derivatively abused the children Jaiden J., Kayla J., and George P.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new fact-finding hearing and a new determination thereafter.

The child Nevin L. did not testify at the fact-finding hearing, and the only evidence of his accounts of the occurrence at issue was hearsay admitted through other witnesses. In seeking to cast doubt on those accounts, the appellant sought admission of Nevin L.'s grand jury testimony from a companion criminal proceeding, which, he argued, was inconsistent with the hearsay accounts. Under the circumstances of this case, where the appellant had no other means of showing that Nevin L. had given arguably inconsistent accounts of the occurrence, the Family Court's preclusion of Nevin L.'s grand jury testimony was an improvident exercise of discretion (cf. Family Ct Act § 1046 [a] [vi]; CPL 190.25 [4]; *Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444 [1983]; *People v Di Napoli*, 27 NY2d 229, 235 [1970]; *see generally* Family Ct Act §§ 331.2 [1] [b]; 331.4 [1] [a]).

Accordingly, we remit the matter to the Family Court, Suffolk County, for a new fact-finding hearing, and a new determination thereafter. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.